EHRLICH, Justice,
concurring in part and dissenting in part.
I concur as to guilt but dissent as to discipline.
The referee recommended that Mr. Som-mers be suspended for six months, with proof of rehabilitation, in each of two cases without specifying whether that suspension should be consecutive or concurrent. She tried the cases and heard and observed all the witnesses, including Mr. Sommers. She obviously, by requiring proof of rehabilitation, was concerned that this Court be satisfied that the underlying causes or reasons which prompted Mr. Sommers to seek *344 refuge in the world of drug dependency, were well under control and that the public could again rely upon Mr. Sommers as an attorney-at-law, before he was again permitted to practice his profession. She recommended that Mr. Sommers be required to comply with all of the conditions or requirements of the “Aftercare” program of continuing treatment and rehabilitation of Brookwood Manor, the facility from which Mr. Sommers obtained treatment for his substance abuse condition, and that he avail himself of the services of The Florida Bar’s Substance Abuse Assistance Program.
I have been shown nothing which would cause me to ignore the referee’s concern about whether Mr. Sommers has really licked his underlying problem. This would be done in the rehabilitation proceeding. I find it difficult from reading a cold record to take issue with her recommendation and her obvious concern.
I would, therefore, at the very least, order a suspension for ninety-one days, which requires proof of rehabilitation before being permitted to return to the practice of law.